# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No.: 1:19-cv-11114-FDS

_____

TROY THORNTON,

                    Plaintiff,

    v.

KEOLIS COMMUTER SERVICES, LLC,

                    Defendant.

_____

## ANSWER

Defendant Keolis Commuter Services, LLC ("Keolis") answers the separately numbered paragraphs and counts of the Complaint of the plaintiff, Troy Thornton ("Plaintiff"), as follows:

### PARTIES

1.      Keolis admits the allegations contained in Paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

### FACTS

3.      Keolis admits only that it replaced the Massachusetts Bay Commuter Rail Company as the entity contracted by the Massachusetts Bay Transportation Authority to operate the Commuter Rail System.  Keolis is without information sufficient to admit or deny the remaining allegations contained in the first sentence of Paragraph 3 of the Complaint.  Keolis denies the allegations contained in the second sentence of Paragraph 3 of the Complaint.

{00025127}

4.      Keolis is without information sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5.      Keolis denies the allegations contained in Paragraph 5 of the Complaint.

6.      Keolis denies the allegations contained in Paragraph 6 of the Complaint.

7.      Keolis denies the allegations contained in Paragraph 7 of the Complaint.

8.      Keolis denies the allegations contained in Paragraph 8 of the Complaint.

9.      Keolis denies the allegations contained in Paragraph 9 of the Complaint.

10.      Keolis admits only that by letter dated February 2, 2018, Keolis provided Plaintiff with notice of a formal investigation into reported violations of Company Policy and Code of Conduct.  Keolis also admits that the Company's Mechanical Department's appointed Charging Officer, Robert A. McNemar, signed the Notice of Formal Investigation.  Keolis states that the referenced Notice of Formal Investigation speaks for itself.  To the extent that any wrongdoing on behalf of Keolis may be implied from the allegations contained in Paragraph 10 of the Complaint, these allegations are denied.

11.      Keolis denies the allegations contained in Paragraph 11 of the Complaint.

12.      Keolis is without information sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint.  To the extent that any wrongdoing on behalf of Keolis may be implied from the allegations contained in Paragraph 12 of the Complaint, these allegations are denied.

13.      Keolis denies the allegations contained in Paragraph 13 of the Complaint.

14.      Keolis denies the allegations contained in Paragraph 14 of the Complaint.

15.      With respect to the first and second sentences of Paragraph 15 of the Complaint, Keolis admits only that by letter dated February 16, 2018, it provided Plaintiff with notice of

intent to impose discipline relating to reported attendance issues and corresponding violations of

Company Policy and Code of Conduct.  Keolis states that the referenced Notice of Formal

Investigation speaks for itself.  To the extent that any wrongdoing on behalf of Keolis may be

implied from the allegations contained in the first and second sentences of Paragraph 15 of the

Complaint, these allegations are denied.  Keolis denies the remaining allegations contained in

Paragraph 15 of the Complaint.

16.     Keolis admits only that on April 26, 2018, Plaintiff, accompanied by his attorney,

met with Keolis's Diversity, Inclusion, Title VI and ADA Manager, Elizabeth Hickey.  Keolis

denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Keolis admits only that a Notice of Intent to Impose Discipline dated June 18,

2018 was issued.  Keolis denies the remaining allegations contained in Paragraph 17 of the

Complaint.

18.     Keolis denies the allegations contained in Paragraph 18 of the Complaint.

19.     Keolis is without information sufficient to admit or deny the allegations contained

in the first sentence of Paragraph 19 of the Complaint.  Keolis denies the remaining allegations

contained in Paragraph 19 of the Complaint.

20.     Keolis denies the allegations contained in Paragraph 20 of the Complaint.

21.     Keolis denies the allegations contained in Paragraph 21 of the Complaint.

22.     Keolis admits only that Plaintiff submitted to the United States Equal

Employment Opportunity Commission ("EEOC") and the Massachusetts Commission Against

Discrimination ("MCAD") what he, by and through counsel, purported to style as a Charge of

Discrimination, but that the legal effect or determination of its filing or timeliness of same

thereof contains a legal conclusion to which no response is required.  To the extent that any

wrongdoing on behalf of Keolis may be implied from the allegations contained in Paragraph 22 of the Complaint, these allegations are denied.

COUNT I

23.     Keolis repeats and reincorporates by reference its answers set forth in Paragraphs 1-22 as if fully set forth herein.

24.     Paragraph 24 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

25.     Paragraph 25 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

26.     Paragraph 26 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

27.     Paragraph 27 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

COUNT II

28.     Keolis repeats and reincorporates by reference its answers set forth in Paragraphs 1-27 as if fully set forth herein.

29.     Paragraph 29 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

30.     Paragraph 30 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

31.     Paragraph 31 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

32.     Paragraph 32 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

33.      Keolis denies the allegations contained in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

35.     Paragraph 35 of the Complaint contains conclusory allegations and/or legal conclusions to which no response is required.  To the extent this paragraph purports to contain factual allegations, Keolis denies those allegations.

36.     Keolis admits only that Plaintiff submitted to the EEOC and the MCAD what he, by and through counsel, purported to style as a Charge of Discrimination, but that the legal effect or determination of its filing or timeliness of same thereof contains a legal conclusion to which no response is required.  To the extent that any wrongdoing on behalf of Keolis may be implied from the allegations contained in Paragraph 36 of the Complaint, these allegations are denied.

37.     Keolis denies the allegations contained in Paragraph 37 of the Complaint.

Keolis denies that Plaintiff is entitled to any form of relief of any kind whatsoever.

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint fails to state a claim upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

All of the actions taken by Keolis were supported by and based upon legitimate business interests, and by legitimate and non-discriminatory reasons.

<u>THIRD AFFIRMATIVE DEFENSE</u>

To the extent that Plaintiff has sustained damages, if any, then all or part of those damages are attributable to and caused by Plaintiff's own acts or omissions and, therefore, Plaintiff may not recover from Keolis.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to adequately mitigate damages, if any.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims fail based upon the doctrines of unclean hands, estoppel and waiver.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Any damages suffered by Plaintiff were caused in whole or in part by person or persons for whose conduct the Keolis is not legally responsible.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Keolis denies it acted with malice or indifference to the rights of Plaintiff.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff did not engage in legally cognizable protected activity because his claims of discrimination is not reasonable or advanced in good faith.

## NINTH AFFIRMATIVE DEFENSE

Punitive or multiple damages are not available as Keolis acted in good faith and with legitimate business reasons at all times.

## TENTH AFFIRMATIVE DEFENSE

Keolis denies that it engaged in discrimination or retaliation of any kind against Plaintiff, and further states that the same decisions challenged by Plaintiff would have resulted even absent any discriminatory purpose or intent.

## ELEVENTH AFFIRMATIVE DEFENSE

Keolis states that Plaintiff's claims should be dismissed, in whole or in part, to the extent that they were not set forth in his administrative charge.

## TWELFTH AFFIRMATIVE DEFENSE

Keolis affirmatively asserts that it engaged in good faith efforts to comply with the law and its legal obligations thereunder.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because he cannot establish a causal connection between an exercise of statutory rights and any adverse employment action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Keolis reserves the right to assert any additional affirmative defense depending upon any evidence discovered in its defense of the allegations in the Complaint during the course of discovery.

## **DEMAND FOR JURY TRIAL**

Keolis Commuter Services, LLC hereby demands a trial by jury as to all issues so triable.

PRAYERS FOR RELIEF

WHEREFORE, Keolis Commuter Services, LLC respectfully requests that this Court:

a.        Dismiss the Complaint with prejudice;

b.        Enter judgment in favor of Keolis Commuter Services, LLC;

c.         Award Keolis Commuter Services, LLC its reasonable attorney's fees,

disbursements and costs included in the defense of this action; and

d.        Award such other and further relief as this Court deems just and fair.

KEOLIS COMMUTER SERVICES, LLC

By its attorneys,

Dated:  May 17, 2019

/s/ Thomas E. Lent
Thomas E. Lent, BBO#644970
MARATHAS BARROW
WEATHERHEAD LENT LLP
One Financial Center, 15th Floor
Boston, MA 02111
Tel: 617-830-5460
Email: tlent@marbarlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Thomas E. Lent